F. WILSON DuBOIS, RELATOR, v. WILFRED R. WOODWARD, RESPONDENT.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *Paul W. Ewing.*

For the respondent, *Thomas L. Hanson.*

PER CURIAM.

This matter has relation to a petition for the recall of Edward E. Meeker, Peter Knudsen and Julius Engel, commissioners of the township of Raritan, based upon an act originally entitled "An act relating to, regulating and providing for the government of cities, towns, boroughs and other municipalities within this state." *Pamph. L.* 1911, *ch,* 221, and upon two supplementary and amendatory acts (*Pamph. L.* 1915, *ch.* 341, and *Pamph. L.* 1917, *ch.* 20).

The petition of F. Wilson DuBois, relator, represented that he was the duly authorized and acting agent designated in three petitions signed by thirty per centum of the electors for the recall of the named incumbents, and that on the attempted filing of the petitions for recall, the township clerk refused to accept them, wherefore a writ of *mandamus* was prayed to the end that the township clerk be commanded to file the petitions and proceed with the election for recall.

A rule to show cause why a writ of *mandamus* should not issue was allowed, and testimony was taken under the rule. Before the return day of the rule, F. Wilson DuBois, relator in the *mandamus* proceedings, refused to proceed with the cause, and instructed his attorney to discontinue the proceedings, and, furthermore, filed with the clerk of this court a statement to that effect, asking that the cause be discontinued. The rule was returnable on the opening day of the January term of the Supreme Court. . At that time there was presented to us by the attorney of the relator a state of case in the effort to have the rule made absolute, and at the same time motion was made on behalf of the respondent to dismiss the rule upon the ground that the relator had declined to proceed further and that the relator's request to discontinue the proceedings was before the court.

We are thus confronted with a rather unusual development. The effort of a party to discontinue a proceeding that he has initiated is combated by his attorney in that proceeding. The reason given by the attorney is that the relator was not acting in his own behalf but simply as the agent of numerous signers who sought and still seek a recall election, and that the very purpose of his so-called agency will be thwarted if the request of the agent is granted.

The statute to which we have referred recognizes the existence of an "agent," as, for instance, in *Pamph. L.* 1915, *ch.* 341, § 1, as amended by *Pamph. L.* 1917, *ch.* 20, where authority is given for the designation of an agent in the petition for recall, and in section 12 of the 1915 statute where the agent is authorized to make complaint to a justice of the Supreme Court holding the Circuit in which the municipality is located, when necessary to procure a fair and impartial "recall election." The petition alleges, and it may be accepted as the fact, that the present relator was designated as such agent in the petitions for recall. His position in the present proceeding, however, is that of the moving party. The attorney appears of record as the attorney of F. Wilson DuBois, relator. Lacking proof to the contary, it must, we think, be assumed that the relator is performing

the functions of his agency, and that it is not for his attorney to insist upon proceeding with a law suit which he desires to terminate. The signers on the recall petition, numbering, as alleged, thirty per centum of the electors of Raritan township, have not appeared before the court. We fail to grasp the theory upon which the attitude of relator's attorney may be justified. The very word "attorney" implies the function of acting for another—in the present case, the relator. The relator having clearly manifested his desire to terminate the proceedings, there is no moving party. We conclude, therefore, that respondent's motion to dismiss should be granted and that the rule should be discharged.